THE SUCESION OF FRANCISCO LOS REYES COR-
REA, Composed of the following named persons, to wit:
Francisca R. Correa, Lorenza Correa, Widow of Diaz,
Franco Correa, Clementina Correa, Pedro Diaz, Obdulia
Echebeste Vardilluli, Modesto Echebeste, Luis Garcia,
Arturo Correa Figueroa, Gerardo Mendez Tirado, Eugenio
Mendez Tirado, Enrique Correa, Miguel Mendez and his
Brothers and Sisters, Juan Ramon, Juan Bautista, Antonio
Serafina Correa and Rivera, Jose Vicente Correa and
Luis Villa Andino, Angela Villa Andino, Soledad Vila
Andino, Carmen Vila Andino, Widow of Vizcarrondo,
Guillermo Mendez, Gabriel Gomez Correa, Maria Correa
Ortega, and José Laureano Correa, Plffs.,

*v.*

E. MURRAY BRUNER and the Unknown Heirs of Francisco
los Reyes Correa.

San Juan, Law, No. 1472.

Ejectment—Proper Defendant is Possessor.

In an action of ejectment the only proper defendant is the per-
son in possession of the land claiming title. If an action of eject-
ment be brought against two or more defendants, and it appears
that one defendant alone is in actual possession of the premises, a
demurrer to the complaint should be sustained.

Opinion filed January 9, 1922.

*Messrs. Willis Sweet* and *John L. Gay* for plaintiffs.

Sucesion Correa v. Bruner.

*Maj. Ira K. Wells*, United States District Attorney, for defendants E. Murray Bruner et al.

ODLIN, Judge, delivered the following opinion:

The second amended complaint in this case was filed on November 30, 1921, and the plaintiffs are certain named heirs of Francisco los Reyes Correa; the defendants are E. Murray Bruner and the unknown heirs of the said Francisco los Reyes Correa. To this second amended complaint there was filed on December 15, 1921, a demurrer on behalf of the said E. Murray Bruner, and this demurrer is based upon eight grounds and has been argued by counsel for plaintiffs and counsel for the said E. Murray Bruner.

In passing upon the demurrer it is not necessary for the court to recite all the various grounds, but the court is satisfied that the second amended complaint herein is defective and the demurrer thereto must be sustained.

In explanation of this ruling it is proper that the court set forth briefly its views touching this peculiar case. It appears by the second amended complaint that it is claimed that certain lands in the Island of Porto Rico were owned by Francisco los Reyes Correa at the time of his death, and that said land contained more than six thousand (6,000) cuerdas in area. Paragraph 3 of said amended complaint sets forth that in or about the year 1915, when the heirs of the said Francisco los Reyes Correa owned said property by virtue of a grant from the Crown of Spain, and while they had the right of possession thereof under guaranties of the Treaty of Paris between the United States and Spain, which was signed in the year 1898

Sucesion Correa v. Bruner.

and which was proclaimed in the year 1899, that the defendant, without naming which of the numerous defendants, but using the term in the singular, entered into possession of said land and has exercised dominion over the same and is now in possession thereof. Using the singular "the defendant," it is natural to presume that reference is made to the specifically named defendant E. Murray Bruner; and if, as set forth in paragraph 3 of the second amended complaint, E. Murray Bruner entered into possession of said land in or about the year 1915, and has exercised dominion over the same and is now in possession thereof, it is quite clear that he is the only proper defendant in the suit.

The plaintiffs who are named in said second amended complaint, by their counsel, explained to the court during the oral argument that they had been unable to learn the names and residence of all the heirs of the said Francisco los Reyes Correa, deceased, and therefore they had joined as plaintiffs those whose names and residences were known to them, making the unknown heirs defendants. The court is quite clear that no person can be made properly a defendant in an ejectment suit unless such person is in actual possession of the land. I am also quite clear that the proper practice in a suit where the facts are such as they appear to be in the present proceeding is for the plaintiffs who may be named to bring the action for themselves and on behalf of the remaining unknown heirs, all as plaintiffs, and that the only defendant should be the person in possession of the land, because in an action of ejectment no person should be made a defendant unless his ouster from the premises is desired by means of a verdict and a judgment. As the second amended complaint now stands, the court is

Sucesion Correa v. Bruner.

asked to eject from the land E. Murray Bruner, one of the defendants, and to permit the unknown heirs of Francisco los Reyes Correa, the other defendants, to stay in possession of the land, and not be ousted.

For these reasons, the demurrer to the second amended complaint must be sustained, and the plaintiffs are allowed until the 28th day of January, 1922, in which to file a third amended complaint if they shall be so advised.

To this ruling counsel for the plaintiffs except.